19-20494  04/03/19 CCS:CS css
ATTORNEYS FOR PLAINTIFF, THE CINCINNATI INSURANCE COMPANY.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

CASE NO.:  5:19-CV-00137                                    HON. JOSEPH M. HOOD

THE CINCINNATI INSURANCE COMPANY                  PLAINTIFF,

v.

CLARENCE J. MICHEL, JR., et al.                              DEFENDANTS.

### MOTION OF PLAINTIFF FOR ORDER DIRECTING PAYMENT OF POLICY PROCEEDS INTO COURT REGISTRY

Comes now the Plaintiff, The Cincinnati Insurance Company ("Cincinnati Insurance Company"), by and through its undersigned counsel, and pursuant to Federal Rule of Civil Procedure 67(a), respectfully moves this Court to enter an Order directing payment of policy proceeds into the Court Registry.  A Memorandum in Support and proposed Order follow.

Respectfully submitted,

 /s/Carmen C. Sarge, Esq.
Carmen C. Sarge, Esq. (88553)
Perry A. Adanick, Esq. (00443)
Rolfes Henry Co., LPA
2333 Alexandria Drive
Lexington, Kentucky 40504
Phone:    (859) 547-1200
Fax:       (513) 579-0222
csarge@rolfeshenry.com
padanick@rolfeshenry.com
*ATTORNEYS FOR PLAINTIFF,*
*THE CINCINNATI INSURANCE COMPANY*

## MEMORANDUM IN SUPPORT

Comes now the Plaintiff, The Cincinnati Insurance Company ("Cincinnati Insurance Company"), by and through its undersigned counsel, and for its Memorandum in Support of its Motion for Order Directing Payment of Policy Proceeds into Court Registry, states as follows:

## INTRODUCTION

Clarence and Jamie Michel (the "Insureds") are the named insureds on a policy of insurance issued by Cincinnati Insurance Company for policy period October 29, 2018 through October 29, 2019.  On or about January 7, 2019, the Michels' barn and its contents near their home located at 120 Sunset Lodge Road in Lancaster, Kentucky sustained significant fire damage, resulting in a total loss. As a result of the fire loss, the Michels made a claim under the insurance policy issued by Cincinnati Insurance Company for the damage to the barn and its contents.

Upon investigating the claim, Cincinnati Insurance Company discovered a number of liens, lis pendens, and a mortgage on the property in question, as well as claims against Mr. Michel personally.  As such, Cincinnati Insurance Company filed its Interpleader Complaint because the various holders of the liens, claims and mortgage on the property may be entitled to the proceeds of the insurance claim, and Cincinnati Insurance Company is concerned with being subject to double or multiple liability if payment was made to the Michels.  Defendants in this lawsuit are the United States Internal Revenue Service, Kentucky Department of Revenue, PBK Bank, Inc., James E. Shelton, All American Painting, L.L.C., Knight Capital Funding III, LLC, Cash Village NY, LLC, Empire Funding, Ace Funding Source, LLC, Cash Crunch, Capital Stack, LLC, Kash Capital, Wells Fargo Bank, N.A., National Union Fire Insurance Company of Pittsburgh, Pa., Second Chance Funding, LLC, and HOP Capital.

Cincinnati Insurance Company has determined, subject the Policy's terms and conditions, that it owes Seven Hundred Thirty-Nine Thousand Seven Hundred Fifty Nine and 44/100 dollars ($739,759.44) for the total loss of the Insureds' barn and contents, which is composed of $552,834.64 for the barn structure and $186,924.80 for the contents. The policy proceeds, which total Seven Hundred Thirty-Nine Thousand Seven Hundred and Fifty Nine and 44/100 dollars ($739,759.44), are currently being held by Cincinnati Insurance Company with the anticipation of depositing same within the Court Registry.

**ARGUMENT**

Federal Rule of Civil Procedure 67(a) provides in pertinent part "if any part of the relief sought is a money judgment or the disposition of a sum of money or some other deliverable thing, a party – on notice to every other party and by leave of Court – may deposit with the Court all or part of the money or thing, whether or not that party claims any of it. The depositing party must deliver to the Clerk a copy of the Order permitting deposit." Fed. R. Civ. P. 67(a).

The core purpose of Rule 67 is to relieve a party who holds a contested fund from responsibility for disbursement of that fund among those claiming some entitlement thereto. *Alstom Caribe, Inc. v. Geo. P. Reintjes Company, Inc.,* 484 F.3d 106, 113 (1st Cir. 2007). A District Court should not grant a Rule 67 Motion unless the question of entitlement is genuinely in dispute. *Gulf States Utilities Company v. Alabama Power Company,* 824 F.2d 1465, 1475 (5th Cir. 1987). Moreover, the entitlement dispute must be live; that is, the dispute must be extant at the time the Court is asked to grant the Rule 67 Motion. *MFRS. Hanover Oversees Capital Corp. v. Southwire Company*, 589 F. Sup. 214, 221 (S.D.N.Y. 1984). Ultimately, the decision whether to allow a Rule 67 deposit lies within the discretion of the District Court. *Garrick v. Weaver,* 888 F.2d 687, 694 (10th Cir. 1989).

In this case, as noted above, Cincinnati Insurance Company has determined it owes a total of Seven Hundred Thirty-Nine Thousand Seven Hundred and Fifty Nine and 44/100 dollars ($739,759.44) in insurance policy proceeds due to the aforementioned fire loss.  The following Defendants may have an interest in the distribution of those insurance proceeds:

- The United States Internal Revenue Service;
- The Kentucky Department of Revenue;
- PBK Bank, Inc.;
- James E. Shelton;
- Oklahoma Tax Commission;
- All American Painting, L.L.C.;
- Knight Capital Funding III, LLC;
- Cash Village NY, LLC;
- Empire Funding;
- Ace Funding Source, LLC;
- Cash Crunch;
- Capital Stack, LLC;
- Kash Capital;
- Wells Fargo Bank, N.A.;
- National Union Fire Insurance Company of Pittsburgh, PA.;
- Second Chance Funding, LLC; and
- HOP Capital.

It is clear that there is a current dispute as to entitlement and priority as amongst these Defendants regarding the insurance policy proceeds. An insurance company need not wait until persons asserting claims against its insured have reduced those claims to Judgment before seeking to invoke the benefits of Federal interpleader. *State Farm Fire & Casualty Company v. Tashire*, 386 U.S. 523, 532 (1967). Cincinnati Insurance Company possesses a single stake which is subject to multiple claims. Those claims could expose it to multiple actions resulting in multiple liabilities and those various claims could exceed One Million Dollars ($1,000,000.00) rendering them adverse. Claims are adverse because they are competing for a fund which is not large enough to satisfy them all. *Tashire* at 533. Courts are compelled to construe interpleader provisions liberally. 4 Moore's Federal Practice, § 22.03(1)(h).

Generally, a disinterested plaintiff who brings a necessary interpleader action as a "mere stakeholder" is entitled to a reasonable award of attorney fees. *USAA Life Ins. Co. v. Space,* No. 3:14-CV-00661-TBR, 2015 U.S. Dist. LEXIS 67496, at *12 (W.D. Ky. May 22, 2015). In interpleader actions, the award of costs and attorney fees is within the sound discretion of the Court and an award should not be reversed unless the District Court abused that discretion. *Holmes v. Artists Rights Enforcement Corporation*, 148 Fed. Appx. 252, 257 (6th Cir. Michigan 2005), citing 4 Moore's Federal Practice § 22.06.

Here, Cincinnati Insurance Company falls within this general rule because Cincinnati Insurance Company would be subject to multiple lawsuits had it opted to not file suit. Furthermore, Cincinnati Insurance Company is a disinterested stakeholder because Cincinnati Insurance Company is conceding the amount of the insurance policy proceeds it owes. Cincinnati Insurance Company is not making a claim to the policy nor is it disputing this amount.

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests an Order directing payment of policy proceeds for deposit into Court Registry and all relief it has requested in this Interpleader action.

1. That each Defendant be barred from instituting any action against Cincinnati Insurance Company for recovery under the policy;

2. That Cincinnati Insurance Company be discharged and dismissed from this action; and

3. For a reasonable award of costs and attorney's fees expended by Cincinnati Insurance Company in bringing this action.

                Respectfully submitted,

                /s/Carmen C. Sarge, Esq.
                Carmen C. Sarge, Esq. (88553)
                Perry A. Adanick, Esq. (00443)
                Rolfes Henry Co., LPA
                10200 Forest Green Blvd., Suite 602
                Louisville, KY 40223
                Phone:  (502) 371-4000
                Fax:  (502) 371-4009
                csarge@rolfeshenry.com
                padanick@rolfeshenry.com
                ***ATTORNEYS FOR PLAINTIFF,***
                ***THE CINCINNATI INSURANCE COMPANY***

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing has been served this 3rd day of April via Regular U.S. Mail upon the following:

Clarence J. Michel, Jr.
120 Sunset Lodge Road
Lancaster, Kentucky  40444

Jamie Michel
120 Sunset Lodge Road
Lancaster, Kentucky  40444

United States of America
Internal Revenue Service
c/o Civil Process Clerk
United States Attorney's Office
260 W. Vine Street, Suite 300
Lexington, Kentucky  40507

Kentucky Department of Revenue
Division of Collections
c/o Office of the Kentucky Attorney General
700 Capitol Avenue, Suite 118
Frankfort, Kentucky  40601

PBK Bank, Inc.
c/o Joye B. Hunt
120 Frontier Blvd.
Stanford, Kentucky  40484

James E. Shelton
316 Covered Bridge Road
King of Prussia, Pennsylvania  19406

Oklahoma Tax Commission
2501 North Lincoln Boulevard
Oklahoma City, Oklahoma  73194

All American Painting, L.L.C.
c/o Thimothy P. Philip
3801 McKelvey Road, Suite 200
Bridgeton, Missouri  63044

Empire Funding
c/o Jason A. Gang, Esq.
259 Windsor Lane
West Hempstead, New York  11552

Ace Funding Source, LLC
c/o Registered Agents, Inc.
90 State Street, Suite 700
Albany, New York  12207

Cash Crunch
c/o Jeffery Zachter
2 University Plaza, Suite 205
Hackensack, New Jersey  07601

Capital Stack, LLC
c/o CSC Services of Nevada, Inc.
2215-B Renaissance Drive
Las Vegas, Nevada  89119

Kash Capital
c/o Jason A. Gang, Esq.
259 Windsor Lane
West Hempstead, New York 11552

Wells Fargo Bank,
National Association
c/o Corporation Service Company
421 West Main Street
Frankfort, Kentucky  40601

National Union Fire Insurance
c/o Lloyd & McDaniel
P.O. Box 23200
Louisville, Kentucky  40223

Second Chance Funding
317 Mulry Lane
Lawrence, New York  11559

Knight Capital Funding III, LLC  
c/o NRAI Services, Inc.  
1200 South Pine Island Road  
Plantation, Florida  33324

Hop Capital  
c/o Jason A. Gang, Esq.  
259 Windsor Lane  
West Hempstead, New York  11552

Cash Village NY LLC  
c/o Cash Village NY LLC  
3 Filomena Court  
Dix Hills, New York  11746

                    Respectfully submitted,

                    /s/Carmen C. Sarge, Esq.  
                    Carmen C. Sarge, Esq. (88553)