## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF KENTUCKY
### CENTRAL DIVISION
### LEXINGTON

**CIVIL ACTION NO. 5:19-CV-00137**

**THE CINCINNATI INSURANCE COMPANY**                    **PLAINTIFF**

**VS.**

**CLARENCE MICHEL JR, ET AL,**                    **DEFENDANTS,**

### UNITED STATES' MOTION TO INTERVENE
* * * * *

The United States of America, by and through its counsel, moves pursuant to Federal Rule of Civil Procedure Rule 24 to intervene as a Defendant in this action. Intervention is warranted as a matter of right because the United States' interest in collecting restitution on behalf of victims in *United States v. Clarence Michel Jr.*, 5:18-CR-84-KKC-1 (E.D. Ky May 23, 2019) cannot be fully represented or protected and this interest will be impaired if the United States is not permitted to intervene. *See* Fed. R. Civ. P. 24(a)(2). In the alternative, the United States should be granted leave to intervene because the United States' claims share with this action common questions of law and fact. *See* Fed. R. Civ. P. 24(b)(1)(A).

For the reasons discussed herein, the United States requests this Court grant the United States' Motion to Intervene. A proposed Order and an Answer in Support of Motion to Intervene is attached herein.

### FACTUAL BACKGROUND

On July 12, 2018, Defendant Clarence Michel Jr. was indicted on one count of conspiracy to defraud the United States, seventeen counts of failing to account and pay over FICA tax withholdings, and four counts of aiding and assisting in the preparation and presentation of false

and fraudulent returns pursuant to 18 U.S.C. § 371 and 26 U.S.C. §§ 7202, 7206(2), respectively. *United States v. Clarence Michel Jr.*, 5:18-CR-84-KKC-1, R. 1 (E.D. Ky May 23, 2019) (Exhibit A). Defendant subsequently pled guilty via a written plea agreement on February 14, 2019 to Counts 1 and 19 through 22 charging conspiracy to defraud the United States and aiding and assisting in the preparation and presentation of a false and fraudulent return. *Id.*, R. 44 (Exhibit B). Defendant specifically agreed to be contractually liable for restitution to the Internal Revenue Service (IRS) in the total amount of $19,227,376. *Id.*, R. 44 at ¶ 8 (Exhibit B). Defendant was subsequently sentenced on May 23, 2019 to 71 months of incarceration, three years of supervised release, and ordered to pay IRS $19,227,376 in restitution to the IRS. *Id.*, R. 56 (Exhibit C). The United States subsequently filed a judgment lien on all property owned by Clarence Michel Jr. or in all property in which he has an interest. *See* Exhibit D.

As part of the United States' investigation to collect restitution in this matter, on March 12, 2020 undersigned counsel spoke with counsel for The Cincinnati Insurance Company who informed the United States about the instant interpleader action involving Clarence Michel Jr.

## ARGUMENT

The United States should be permitted to intervene as a matter of right because the application is timely, the United States possesses a substantial legal interest, the United States' ability to protect its interest will be impaired without intervention, and the existing parties cannot adequately represent the United States' interests. Fed R. Civ. P. 24(a)(2); *see Ohio State Conference of NAACP v. Husted*, 588 F. App'x 488, 490 (6th Cir. 2014). In the alternative, permissive intervention is appropriate because the United States has "a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B).

I.   **THE UNITED STATES SHOULD BE PERMITTED TO INTERVENE AS OF RIGHT**

Federal Rule of Civil Procedure 24(a)(2) provides that a court must permit intervention on timely application by anyone: (1) who "claims an interest relating to the property or transaction that is the subject of the action," and (2) whose interest may be "impair[ed] or impede[d]" by disposition of the action, "unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). This Rule is "broadly construed in favor of potential intervenors," who must be permitted to intervene if: "1) the application was timely filed; 2) the applicant possesses a substantial legal interest in the case; 3) the applicant's ability to protect its interest will be impaired without intervention; and 4) the existing parties will not adequately represent the applicant's interest." O*hio State Conference of NAACP v. Husted*, 588 F. App'x 488, 490 (6th Cir. 2014) (citation omitted); *see Grutter v. Bollinger*, 188 F.3d 394, 397-98 (6th Cir. 1999) (same). The United States meets each of these requirements for intervention as of right.

A.   The United States' Motion is Timely

The timeliness of an application for intervention is evaluated "in the context of all relevant circumstances," including: (1) the point to which the suit has progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenors knew or should have known of their interest in the case; (4) the prejudice to the original parties due to the proposed intervenors' failure to promptly intervene after they knew or reasonably should have known of their interest in the case; and (5) the existence of unusual circumstances militating against or in favor of intervention. *Jansen v. City of Cincinnati*, 904 F.2d 336, 340 (6th Cir. 1990); *see United States v. City of Detroit*, 712 F.3d 925, 930-31 (6th Cir. 2013) (same).

Here, the case is still at the earliest stage. Defendant Jaime Michel filed her answer and objection to a motion for default by PBK Bank. Defendant Jaime Michel, wife of Clarence Michel Jr., represented to the Court in her March 12, 2020 answer that she only received the Complaint on February 28, 2020. R. 39, PageID # 433. No decision has been made on the motion for default, its

response, or Jamie Michel's answer. Although the United States was served a copy of the complaint, the United States was served in its capacity as representing a potential 2001 IRS interest filed in Wapella County Iowa. The United States later confirmed that the lien was self-releasing.  R. 27-1. Additionally, no scheduling order has been entered and no factual or legal issues have been litigated or determined.

Intervention is sought to preserve the United States' interest in collecting restitution pursuant to the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A. In that effort, the United States only became aware of this interpleader action on March 12, 2020 after speaking with Counsel for The Cincinnati Insurance Company as undersigned was investigating the Defendant Clarence Michel Jr.'s financial condition to pay.

Additionally, while Defendant Jaime Michel's interest in any funds may be impacted, such an impact was foreseeable. Jamie Michel is the wife of Defendant Clarence Michel Jr. and should have known that upon Clarence's agreement to plead guilty to federal criminal charges requiring mandatory restitution and his eventual sentence, an automatic statutory tax lien was immediately placed upon all assets or property in which Defendant Clarence Michel Jr. owns or to which he has an interest. *See* 18 U.S.C. §3613(c). The parties therefore will not be prejudiced by the United States' intervention.

Finally, the United States' extensive experience and expertise with restitution matters will aid in the proper resolution of this litigation, not hamper it—a circumstance that militates in favor of the United States' intervention.

Therefore, the United States' motion to intervene is timely.

B.  The United States Has a Substantial Legal Interest in the Subject Matter of this Case

The United States Court of Appeals for the Sixth Circuit subscribes to a "rather expansive notion of the interest sufficient to invoke intervention of right." *Grutter*, 188 F.3d at 398 (citation omitted); *see also Bradley v. Milliken*, 828 F.2d 1186, 1192 (6thCir. 1987) ("'[I]nterest' is to be construed

liberally."). No specific legal or equitable interest is required, *see Grutter*, 188 F.3d at 398, and even "close cases" should be "resolved in favor of recognizing an interest under Rule 24(a)," *Mich. State AFL-CIO v. Miller*, 103 F.3d 1240, 1247 (6th Cir. 1997).

The United States' interest is particularly strong here because this litigation directly implicates the United States' authority to collect restitution under 18 U.S.C. §§ 3663A and 3664. Upon conviction of a Title 18 offense, a defendant must "make restitution to any victim of such offense[.]" 18 U.S.C. § 3663(a)(l)(A). Upon judgment imposing restitution, a federal tax type lien automatically arises. 18 U.S.C. §3613(c). Courts have consistently held that property subject to the 18 U.S.C. § 3613 lien should be applied to the defendant's judgment balance. *See, e.g.*, *United States v. Messervey*, 182 F. App'x. 318, 319 (5th Cir. 2006); *Lavin v. United States*, 299 F.3d 123, 127–28 (2d Cir. 2002); *United States v. Wallace*, 213 F. App'x. 98, 99 (3d Cir. 2007; *United States v. Wilson*, 520 F. App'x 237 (4th Cir. 2013) (per curiam); *United States v. Duncan*, 918 F.2d 647, 654 (6th Cir. 1990); *United States v. Lampien*, 89 F.3d 1316, 1320 (7th Cir. 1996). Pursuant to the plea agreement, this tax lien was imposed at the time of the February 14, 2019 execution of the plea agreement. *Michel Jr.*, 5:18-CR-84-KKC-1, R. 44 ¶ 15 (E.D. Ky May 23, 2019) ("The Defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States."). Furthermore, "[i]f a person obligated to provide restitution, or pay a fine, receives substantial resources from any source, including inheritance, settlement, or other judgment, during a period of incarceration, such person shall be required to apply the value of such resources to any restitution or fine still owed." 18 U.S.C. § 3664(n).

As discussed *supra*, Defendant Clarence Michel Jr.'s plea and subsequent conviction triggered restitution liability to which Defendant Michel Jr. agreed in February 2019 was subject to 18 U.S.C. § 3613. The United States' interest extends to any and all property Defendant Clarence Michel Jr. owns or in which he has a present or future interest, including any proceeds from any insurance claims. The

property damaged in this matter is owned by both Clarence Michel Jr. and Jaime Michel. Any insurance proceeds to which Jamie Michel is entitled is subject to Clarence Michel Jr.'s 50% marital interest. Due to the United States' § 3613 lien, the United States steps into the shoes of the debtor and acquires any rights the debtor may have. 18 U.S.C. § 3613. Thus the United States is entitled to half of any proceeds the Court awards Jamie Michel. 18 U.S.C. §§ 3613, 3664(n).

Therefore, the United States has a substantial legal interest warranting intervention.

C.   Intervention in this Case is Necessary to Protect the United States' Interest.

Under the third intervention prong, "a would-be intervenor must show only that impairment of its substantial legal interest is possible if intervention is denied." *Miller*, 103 F.3d at 1247. "This burden is minimal," and can be satisfied if a determination in the action may result in "potential stare decisis effects." *Id.*; *see also Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 900 (9th Cir. 2011) ("[I]ntervention of right does not require an absolute certainty that a party's interest will be impaired").

As noted *supra*, the disposition of this case impacts the United States' interest in, and ability to collect, restitution on behalf of the victim of Clarence Michal Jr.'s criminal case.  A decision by this Court ordering funds to be paid to Jaime Michel without considering the United States' half interest pursuant to her husband's criminal restitution order would have a significant detrimental impact on the United States' enforcement efforts. *See Miller*, 103 F.3d at 1245, 1247-48; *Ceres Gulf*, 957 F.2d at 1204.

D.   The Existing Parties Cannot Protect the Interest of the United States.

The United States carries a minimal burden to show that the existing parties to this litigation inadequately represent the United States' interests. *Jordan v. Mich. Conference of Teamsters Welfare Fund*, 207 F.3d 854, 863 (6th Cir. 2000). A potential intervenor "need not prove that the [existing parties'] representation will in fact be inadequate, but only that it '*may* be' inadequate." *Id.* (citations omitted)

(emphasis added); *see also Davis v. Lifetime Capital, Inc.*, 560 F. App'x 477, 495 (6th Cir. 2014) ("The proposed intervenor need show only that there is a *potential* for inadequate representation.") (citation omitted) (emphasis in original). The United States satisfies this burden.

The United States has an interest in enforcing the laws governing collecting restitution on behalf of victims. This interest is inadequately represented by the existing parties, because none of the parties have an interest in returning the disputed funds to the United States for purposes of partially satisfying the restitution judgment ordered against Clarence Michel Jr. The existing parties cannot represent the United States' views on the proper interpretation and application of the various restitution statutes as it pertains to the rights the United States' has to half of any proceeds Jamie Michel may receive. *See, e.g., Scotts Valley Band of Pomo Indians of the Sugar Bowl Rancheria v. United States*, 921 F.2d 924, 926-927 (9th Cir. 1990) (city government's interest could not be adequately represented by another entity); *Orrand v. Hunt Constr. Grp., Inc.*, Nos. 13-cv-481, 13-cv-489, 13-cv-556, 13-cv-900, 2014 WL 3895555, at *5 (S.D. Ohio Aug. 8, 2014) (NLRB's interest was not adequately represented by private parties; the NLRB "represents and enforces the public interest" and has expertise that will "provide the court with legal arguments and authorities which might not be forthcoming in the parties' briefs"); *Wilkins v. Daniels*, No. 12-cv-1010, 2012 WL 6015884, at *4 (S.D. Ohio Dec. 3, 2012) (potential intervenor's interests were inadequately represented; the state defendants "represent the general public as a whole," while the potential intervenor "has more specialized goals in mind").

Therefore, none of the existing parties can protect the interest of the United States.

## II.   ALTERNATIVELY, THE UNITED STATES SHOULD BE ALLOWED TO INTERVENE BY PERMISSION

The United States may also be granted leave to intervene by permission. Rule 24(b)(2) permits intervention on timely motion by a governmental officer or agency where "a party's claim . . . is based on: (A) a statute . . . administered by the officer or agency; or (B) any regulation [or] requirement . . . issued or made under the statute or executive order." Fed. R. Civ. P. 24(b)(2). The Court may likewise

permit intervention by anyone who has "a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). "In exercising its discretion," a court "must consider whether intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

The same substantial interests that give the United States a right to intervene in this case under Rule 24(a)(2) support permissive intervention under Rule 24(b). First, for the reasons detailed in Section I(A), *supra*, the United States' Motion to Intervene is timely. *Second*, as discussed in Section's I(B), (C), and (D), *supra*, the United States has a substantial interest collecting criminal restitution on behalf of victims and the existing parties have interests adverse to protecting this substantial interest. *Fourth*, because this case is at the earliest stage, the United States' intervention will not delay or prejudice the adjudication of any party's rights.

## <u>CONCLUSION</u>

This Count must grant United States' Motion to Intervene because the United States' timely motion relates to a substantial legal interest which will not be represented adequately by the present parties and in fact may be harmed. A Proposed Order and Proposed Answer of the United States is attached herewith.

Respectfully submitted,

ROBERT M. DUNCAN, JR.
UNITED STATES ATTORNEY
EASTERN DISTRICT OF KENTUCKY

 /s/ Rajbir Datta
Rajbir Datta
Assistant United States Attorney
260 W. Vine St., Suite 300Lexington, KY 40507
(859) 685-4923 (phone)
Rajbir.Datta@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on March 25, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will notify all registered CM/ECF participants.

s/ Rajbir Datta____
Assistant U.S. Attorney