```
               UNITED STATES DISTRICT COURT
               EASTERN DISTRICT OF KENTUCKY
```
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| THE CINCINNATI INSURANCE COMPANY, ) ) ) | |
| ) | Civil No. 5:19-137-JMH |
| Plaintiff, ) ) | |
| V. ) ) | **MEMORANDUM OPINION AND ORDER** |
| CLARENCE J. MICHEL, JR., ) *et al.*, ) ) | |
| Defendants. ) | |

\*\* \*\* \*\* \*\* \*\*

This matter is before the Court on Interpleader-Defendant PBK Bank's ("PBK Bank") Motion for Summary Judgment against Defendants (1) Oklahoma Tax Commission; (2) Knight Capital Funding III, LLC; (3) Capital Stack, LLC; and (4) Cash Crunch. For the reasons which follow, PBK Bank's Motion (DE 34) is **granted**.

**I.**

The following facts are undisputed. Defendants Clarence J. Michel, Jr. and Jamie L. Michel ("the Michels") are the named insureds listed on a policy insurance issued by Plaintiff, the Cincinnati Insurance Company ("Plaintiff"), during the relevant time period, October 29, 2018 through October 29, 2019. (DE 1, ¶ 24; *see* DE 1-4: Homeowner Declarations). On January 7, 2019, the Michels' barn in Lancaster, Kentucky sustained significant fire damage, culminating in a total loss. The Michels subsequently submitted a claim under their policy. (*Id.*, ¶ 24, 27).

On April 2, 2019, Plaintiff filed this Interpleader Complaint, naming several Defendants, stating that,

> [u]pon investigating the [Michels'] claim, Plaintiff discovered a number of liens, judgments and lis pendens against Clarence Michel, Jr., as well as several business entities associated with him on which he had apparent personal liability. These liens were from several states, including Kentucky, Oklahoma, New York, Iowa, and Florida.

(*Id.*, ¶ 28). In filing this action, Plaintiff sought to have the Defendants be required to interplead and settle their rights to the proceeds of the insurance claim. (*Id.*, at 12). Plaintiff also sought to be discharged and dismissed from the action. (*Id.*). The proceeds, totaling $739,759.44, were subsequently deposited in the Court registry and the Plaintiff was discharged. (DE 6; DE 8).

PBK Bank, as mortgagee under the Michels' policy, was one of the first defendants named in the Complaint as having a right, or a potential interest, to the proceeds. (*Id.*, ¶ 29; *see* DE 1-4 at 4; DE 1-5: Copy of Mortgage). PBK Bank filed its Answer on May 1, 2019 asserting its interest in the proceeds, as reflected by having recorded its mortgage in the Garrard County Clerk's Office. (DE 10; DE 29). The total principal amount of the mortgage was $2,605,357.23; as of February 18, 2020, a total sum of $1,928.241.03 was due and owing on the debt, including interest and fees. (DE 1-5 at 2; DE 34-3).

On February 20, 2020, PBK Bank filed this motion for summary judgment against Defendants Oklahoma Tax Commission; Knight Capital Funding III, LLC; Capital Stack, LLC; and Cash Crunch. No response in opposition has been filed.[1]

**II.**

Under Federal Rule of Civil Procedure 56(c), summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. The moving party has the initial burden of demonstrating the basis for its motion and identifying those parts of the record that establish the absence of a genuine issue of material fact. *Chao v. Hall Holding Co., Inc.*, 285 F.3d 415, 424 (6th Cir. 2002). The movant may satisfy its burden by showing "that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the movant has satisfied this burden, the nonmoving party must go beyond the pleadings and come forward with specific facts demonstrating the existence of a

---

[1] As an initial matter, while the record seemingly indicates that these defendants were served with a copy of the Complaint and summons (*see* DE 5), the record also indicates that only one of the defendants — Cash Crunch — has had counsel enter an appearance (*see generally* DE 12). Cash Crunch sought an extension of time to respond to this motion (*see* DE 38), but never did respond.

genuine dispute for trial. Fed. R. Civ. P. 56; *Hall Holding*, 285 F.3d at 424 (citing *Celotex*, 477 U.S. at 324).

"A genuine dispute exists on a material fact, and thus summary judgment is improper, if the evidence shows 'that a reasonable jury could return a verdict for the nonmoving party.'" *Olinger v. Corp. of the President of the Church*, 521 F. Supp. 2d 577, 582 (E.D. Ky. 2007) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). Stated otherwise, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252. When applying the summary judgment standard, the Court must review the facts and draw all reasonable inferences in favor of the nonmoving party. *Logan v. Denny's, Inc.*, 259 F.3d 558, 566 (6th Cir. 2001) (citing *Anderson*, 477 U.S. at 255).

Here, while there has been no response in opposition, a court may not summarily grant a summary judgment motion. *See Sutton v. United States*, No. 90-3314, 1991 WL 590, at *2 n.1 (6th Cir. 1991) (collecting cases) ("Rule 56 requires a court, *even where a motion for summary judgment is unopposed*, to determine that the moving party established a right to relief as a matter of law and that no genuine issue of material fact exists before the court can award summary judgment" (emphasis added)). The Court cannot grant [the] motion [] without first considering supporting evidence and

determining whether the movant has met its burden." *Byrne v. CSX Transp., Inc.,* 541 F. App'x 672, 675 (6th Cir. 2013) (citing *Delphi Auto. Sys., LLC v. United Plastics, Inc.,* 418 F. App'x 374, 380–81 (6th Cir. 2011)).

### III.

PBK Bank argues that, after the Complaint was filed, it personally contacted each Defendant, who, in turn, notified that "each did not intend to assert any interest in and to the Policy Proceeds." (DE 34-2 at 2). PBK Bank also argues that "the potential interest of each …[d]efendant[] [i]s … inferior to the interest of PBK Bank [] in the Policy Proceeds." (*Id.*, n.1).

#### A. Oklahoma Tax Commission

On October 19, 2018, the Oklahoma Tax Commission (the "Commission") filed a Notice of Tax Lien in the Oklahoma County Clerk's Office, against Clarence J. Michel.(DE 1, ¶ 33; DE 1-9). Attached to PBK's motion, however, is a letter from the Commission, dated December 17, 2019. Therein, Assistant General Counsel, Morgan Lankford, clarifies that, although the Commission will not disclaim in this case, as the liens are valid, it will *not* be asserting an interest either. (DE 34-4). This is so because, "[t]here is no potential recovery for the Tax Commission's liens." *Id.*

Given this letter, PBK Bank asserts that it is entitled to judgment as a matter of law because its interest is superior than

Page **5** of **9**

the Commission's; PBK Bank recorded its mortgage in the Garrard County Clerk's Office on June 1, 2017, and "[t]here is no allegation in the Complaint that the [] Commission recorded a lien in Kentucky." (DE 34 at 4).

Here, given Ms. Lankford's affirmation that the Commission seeks to forego asserting an interest in the Policy Proceeds, and the absence of any information regarding the Commission's lien being filed in Kentucky, the Court finds that PBK Bank is entitled to summary judgment, as there exists no genuine dispute of a material fact.

### B. Knight Capital Funding III, LLC

On October 2, 2017, in the Circuit Court of the Eleventh Judicial Circuit in Miami-Dade County, Florida, Knight Capital Funding III, LLC ("Knight Capital") obtained a default judgment against Clarence Michel in the amount of $149,969.07. (DE 1, ¶ 35; DE 1-11). PBK Bank has attached an Affidavit Regarding Disclaimer of Interest (DE 34-5), wherein Phillip Yates, in-house counsel for Knight Capital, affirms (and specifically disclaims) Knight Capital's interests in the policy proceeds, and seeks to be dismissed from this lawsuit. (*Id.*) PBK Bank also adds that its interest is superior than Knight Capital's because "[t]here is no allegation in the Complaint that Knight Capital domesticated the Florida judgment in Kentucky or filed a lien in Garrard County." (DE 34 at 5).

This is true. Nowhere in the record can the Court find any information regarding Knight Capital's intent to pursue its interest. In fact, Knight Capital has explicitly said that it does not seek to do so. Accordingly, summary judgment will be awarded to PBK Bank. The Court will also grant Knight Capital's request to be dismissed from this action.

### C. Capital Stack, LLC

On June 15, 2017 a Judgment was obtained by Capital Stack, LLC ("Capital Stack") against Clarence Michel in the Bronx County Supreme Court in New York, in the amount of $311,682.80. (DE 1, 40; DE 1-15). In the attached Affidavit Regarding Disclaimer of Interest, Brian Stulman – as President of Capital Stack — affirmatively disclaims Capital Stack's interest to the policy proceeds, and seeks to be dismissed as a party to this lawsuit. (DE 34-6). PBK Bank adds that its interest is also superior than that of Capital Stack's because "[t]here is no allegation in the Complaint that Capital Stack domesticated the New York judgment in Kentucky or filed a lien in Garrard County." (DE 34 at 6).

Like before, nowhere in the record can the Court find any information regarding Capital Stack's intent to pursue its interest. And Capital Stack has explicitly said that it does not wish to do so. Therefore, the Court will grant summary judgment to PBK Bank, and likewise, grant Capital Stack's request to be dismissed from this action.

**D. Cash Crunch**

On June 16, 2017, a Judgment was obtained against Clarence Michel in the Orange County Supreme Court in New York, in the amount of $90,604.47. (DE 1, ¶ 39; DE 1-14). As grounds for summary judgment, PBK Bank points to Cash Crunch's Answer, where Cash Crunch states that it is entitled to the priority and position based on the filing date of its judgment lien. (DE 14). However, PBK Bank argues that this is simply incorrect; PBK Bank's interest is superior to Cash Crunch's judgment lien, as Kentucky is a race-notice state. It further adds that the debt secured by them "far exceeds the amount of Policy Proceeds." (DE 34 at 7).

The Kentucky Court of Appeals recently described Kentucky's recording scheme governing real estate transactions:

> Kentucky is a race-notice state. *See* Kentucky Revised Statute (KRS) 382.270. In plain English, that means "the first person to the courthouse wins, unless he or she knows or should have known of a competing equity or prior claim." 3 KY. PRAC. *Real Estate Transactions* § 2:55 (2020). "Put another way, a prior interest in real property takes priority over a subsequent interest that was taken with notice, actual or constructive, of the prior interest." *Mortgage Electronic Registration Systems, Inc. v. Roberts*, 366 S.W.3d 405, 408 (Ky. 2012).

*First S. Nat'l Bank v. Cumberland Sec. Bank, Inc.*, 2021 WL 4484954, at *2 (Ky. App. 2021).

Here, PBK Bank's mortgage was recorded on May 26, 2017. (DE 1, ¶ 29; DE 1-5; DE 10, ¶ 29). Cash Crunch's judgment lien was

Page **8** of **9**

filed August 20, 2018. (DE 14-4, ¶ 4). Therefore, it would follow that PBK Bank's mortgage was filed first (at the least), and *without notice* of other liens, and is superior. PBK Bank is awarded summary judgment in this case.

### IV.

The undisputed facts in this case demonstrate that PBK Bank is entitled priority to the proceeds over Defendants Oklahoma Tax Commission; Knight Capital Funding III, LLC; Capital Stack, LLC; and Cash Crunch.

Accordingly, for the reasons set forth above, the Court GRANTS Defendant PBK Bank Motion for Summary Judgment (DE 34), and DISMISSES the named Defendants from this action.

IT IS SO ORDERED.

This the 22nd day of October, 2021.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge